HOPSON *v.* WESTERN CLAY DRAINAGE DISTRICT.

4-3912

Opinion delivered July 1, 1935.

Appellants *pro se.*
*J. L. Taylor,* for appellee.

McHANEY, J. Appellee brought this action on August 25, 1931, against a large number of tracts of land for the benefit of its subdistrict No. 5 to enforce collection of delinquent drainage assessments for the years 1928 and 1929. Included therein were certain tracts owned by appellant Taylor and certain other tracts owned by appellant Hopson. These tracts were erroneously described as being in township 20, whereas they were in township 21, but in all other respects the lands of appellants were correctly described and were properly listed opposite their respective names. Some time thereafter, the date not being shown, but before decree, each appellant signed a written waiver of publication of notice of suit, waiver of issuance and service of summons, and entered his appearance in the action. On October 8, 1931, a decree was taken against the lands of appellants and all other delinquent lands, wherein it was found that appellants and others had waived service of summons and entered their appearance, and that a large number of other persons had been served with summons; and that notice of suit had been published as required by law. No defense was made by appellants, and the land owned by them and a great many others was condemned to be sold to pay the delinquent assessments for the years aforesaid, the amount thereof set opposite each description being found to be due, for which a lien was declared and fixed in said decree. A commissioner was

appointed to make the sale, and he was directed to sell same for cash, if not paid prior to February 20, 1932, after advertising the time and place of sale in the manner and form provided by law. On June 14, 1932, the commissioner published notice that, on July 15, 1932, he would offer for sale the lands described therein, and the lands of appellants were correctly described as being in township 21. On July 13, appellants brought suit to enjoin the sale of their lands on the ground that their lands had been incorrectly described in the complaint and the decree, but correctly described in the commissioner's notice of sale. A temporary order was issued and later made permanent granting the relief prayed on June 9, 1933. On the same day appellee amended its complaint so as to show the correct description of each appellant's land and prayed judgment as in the original complaint. Appellants moved to dismiss the amended complaint and filed an answer setting up the matters and proceedings aforesaid and pleading same as a bar to the cause stated in the amended complaint, and also pleading the three-year statute of limitation. The court overruled these contentions and entered a decree condemning their land for sale for the amount found to be due and delinquent for said years.

For a reversal of the judgment against them, appellants first contend that the court erred in permitting appellee to file its amendment to the complaint on June 9, 1933, because it is claimed same was not filed in apt time, the suit having been already terminated. But the case with reference to the particular lands had not been terminated. While a decree of foreclosure had been rendered condemning certain lands to be sold, these particular lands were misdescribed, and were not sold because erroneously described in the complaint. There was no final judgment against these particular lands. Section 1237 of Crawford & Moses' Digest provides: "The plaintiff may amend his complaint without leave at any time before an answer is filed, and without prejudice to the proceedings already had," and § 1239 provides: "The court may, at any time, in furtherance of justice, and on such terms as may be proper, amend

any pleadings or proceedings * * * by correcting a mistake in any other respect, or by inserting other allegations material to the case * * *.'' In this case no answer had been filed until after the appellee had amended its complaint, and then no answer was made as to the merits of the case. We are of the opinion that the court correctly permitted the amendment to be filed.

It is next said that the court erred in assuming jurisdiction under said amended complaint because the lands were not included in the original complaint, and that the lands were not made defendant or proceeded against in the amendment, nor was it alleged that said lands were delinquent and subject to a lien. The original complaint was a proceeding against the lands therein described against which a lien for the amount of the taxes set opposite said lands was claimed, and it was charged therein that said taxes were delinquent. The only object of the amendment was to correctly describe the lands misdescribed in the original complaint. When the complaint was so amended, the charge as to delinquency, and as to the lien related to the lands covered by the amendment.

It is next contended that the court should have sustained appellant's plea of the three-year statute of limitations as provided by act 34 of the Acts of 1921. The three-year statute began to run from the date of delinquency which was December 1, 1928. The original action was brought within three years of that date. We are of the opinion that the amendment related back to the time of the filing of the original complaint, and we are of the opinion that the plea of the three-year statute was not good, and that the court correctly so decided.

Appellants also contended that their plea of *res judicata* should have been sustained. We see no room for application of that doctrine here. There was no adjudication against the lands of appellants in the form of a decree. There was simply a mistake, probably a mutual mistake in describing appellants' lands. As stated by appellant, ''all that was necessary to make the original decree valid was the correct description of the lands.'' On the amended complaint the court entered

another decree finding that the lands of appellants were subject to a lien for the amount of the taxes shown to be due. Appellants have nowhere, and at no time contended that said taxes are not due, and that said lands are not subject to a lien therefor.

We find no error, and the decree is accordingly affirmed.